## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SINGH MANAGEMENT CO., LLC          )
         )
         Plaintiff,          )
         )      Case No. _____
v.          )
         )
SINGH BUILDING COMPANY, INC.,      )
SINGH DEVELOPMENT COMPANY, INC.,    )
SINGH GROUP LLC,          )
SINGH GROUP II LLC,          )
SINGH LENDING, LLC d/b/a TEAM SINGH,   )
SINGH MORTGAGE GROUP LLC,       )
SINGH PROPERTY MANAGEMENT, LLC,    )
DARSHAN GREWAL, and          )
PARGAT GREWAL,          )
         )
         Defendants.          )

## <u>VERIFIED COMPLAINT</u>

Singh Management Co., LLC ("Singh Management LLC" or "Plaintiff"), through counsel, states as follows for its Verified Complaint against Singh Building Company, Inc. ("Singh Building"), Singh Development Company, Inc. ("Singh DCI"), Singh Group LLC ("Singh Group"), Singh Group II LLC ("Singh Group II"), Singh Lending Group, LLC d/b/a Team Singh ("Singh Lending"), Singh Mortgage Group, LLC ("Singh Mortgage"), Singh Property Management, LLC ("Singh Property"), Darshan Grewal ("Darshan"), and Pargat Grewal ("Pargat") (collectively, the "Defendants"):

1.     This is an action for trademark infringement, unfair competition, and false designation of origin arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, trademark infringement and unfair competition under Michigan common law and M.C.L. § 445.42, and for violations of Michigan Consumer Protection Act, M.C.L. § 445.903.  Because Defendants' willful infringement and improper use of Plaintiff's "SINGH" brand and trademark is ongoing and Plaintiff has been, and is likely to continue to be, harmed by such infringement and unauthorized use, Plaintiff seeks preliminary and permanent injunctive relief.

### Parties

2.     Plaintiff Singh Management Co., LLC is a Michigan limited liability company with a registered office address of 7125 Orchard Lake Road, Suite 200, West Bloomfield, Michigan 48325.  Plaintiff is a real estate management company that operates and manages properties in Michigan, North Carolina, and Virginia.

3.     Upon information and belief, Defendant Singh Building Company, Inc. is a Michigan corporation with a registered office address of 2290 Science Parkway, Okemos, Michigan 48864.   Upon further information and belief, Defendant Singh Building Company, Inc. regularly conducts business within the State of Michigan, including without limitation within this district.

4.     Upon information and belief, Defendant Singh Development Company, Inc. is a Michigan corporation with a registered office address of 2290

Science Parkway, Okemos, Michigan 48864. Upon further information and belief, Defendant Singh Development Company, Inc. regularly conducts business within the State of Michigan, including without limitation within this district.

5.     Upon information and belief, Defendant Singh Group LLC is a Michigan limited liability company with a registered office address of 7457 Franklin Road, Suite 304, Bloomfield Hills, Michigan 48301. Upon further information and belief, Defendant Singh Group LLC regularly conducts business within the State of Michigan, including without limitation within this district.

6.     Upon information and belief, Defendant Singh Group II LLC is a Michigan limited liability company with a registered office address of 7457 Franklin Road, Suite 304, Bloomfield Hills, Michigan 48301. Upon further information and belief, Defendant Singh Group II LLC regularly conducts business within the State of Michigan, including without limitation within this district.

7.     Upon information and belief, Defendant Singh Lending, LLC d/b/a Team Singh is a Michigan limited liability company with a registered office address of 2290 Science Parkway, Okemos, Michigan 48864. Upon further information and belief, Defendant Singh Lending, LLC regularly conducts business within the State of Michigan, including without limitation within this district.

8.     Upon information and belief, Defendant Singh Mortgage Group, LLC

is a Michigan limited liability company with a registered office address of 2290 Science Parkway, Okemos, Michigan 48864. Upon further information and belief, Defendant Singh Mortgage Group, LLC regularly conducts business within the State of Michigan, including without limitation within this district.

9.     Upon information and belief, Defendant Singh Property Management, LLC is a Michigan limited liability company with a registered office address of 7457 Franklin Road, Suite 304, Bloomfield Hills, Michigan 48301. Upon further information and belief, Defendant Singh Property Management, LLC regularly conducts business within the State of Michigan, including without limitation within this district.

10.     Upon information and belief, Defendant Darshan Grewal is an individual residing at 6297 Nicholas Drive, West Bloomfield, Michigan 48322.

11.     Upon information and belief, Defendant Pargat Grewal is an individual residing at 6275 Nicholas Drive, West Bloomfield, Michigan 48322.

**Jurisdiction, Controlling Law, and Venue**

12.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 because this is a civil action for, *inter alia*, trademark infringement, unfair competition, and false designation of origin arising under the laws of the United States. This Court has supplemental jurisdiction over the claims in this action that arise under Michigan statutory and

common law under 28 U.S.C. § 1367(a).

13.     This Court has personal jurisdiction over Defendants Singh Building, Singh DCI, Singh Group, Singh Group II, Singh Lending, Singh Mortgage, and Singh Property because these Defendants have substantial contacts in this district by, among other things, maintaining a place of business at either or both of 2290 Science Parkway, Okemos, Michigan 48864 and 7457 Franklin Road, Suite 304, Bloomfield Hills, Michigan 48301, and purposefully availing themselves of the benefits and protections of Michigan law by regularly conducting business in this State and judicial district.  In addition, the infringing conduct of the Defendants is occurring in this district, as they are each presently advertising, marketing, offering to sell, and selling real estate management, real estate development, and/or residential and commercial building construction services under the SINGH Mark and trade name in Michigan and in this judicial district.

14.     This Court has personal jurisdiction over Defendants Darshan and Pargat (collectively, "Individual Defendants") because they reside in Michigan and in this judicial district, and because they are purposefully availing themselves of the benefits and protections of Michigan law by regularly conducting business in this State.  In addition, the infringing conduct of Individual Defendants Darshan and Pargat is occurring in this district, as they are each presently advertising, marketing, offering to sell, and selling real estate management, real estate

development, and/or residential and commercial building construction services under the SINGH Mark and trade name in Michigan and in this judicial district.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims arose within this judicial district, because Defendants Singh Building, Singh DCI, Singh Group, Singh Group II, Singh Lending, Singh Mortgage, and Singh Property are each licensed to do business, and do business, within this judicial district, and because Individual Defendants Darshan and Pargat reside, and are subject to personal jurisdiction, in this judicial district.  The Defendants provide real estate management, real estate development, and/or residential and commercial building construction services within this district, maintain places of business within this district, and target consumers within this district.  This district is the situs of the subject matter of this case, where consumers are confused and likely to be confused by the Defendants' infringement, and where a substantial part of the events giving rise to Plaintiff's claims occurred and continue to occur.

## FACTUAL ALLEGATIONS

### The Singh Companies

16.     On or about February 13, 1973, Gurmale Singh Grewal ("Gurmale") founded Singh Associates, a partnership organized under the laws of the State of Michigan, and the first of what today is a vast network of companies ("Singh

Companies"), all one hundred percent (100%) owned and operated by first and second generation members of Gurmale's family ("Grewal family"). These various companies have been primarily organized in the State of Michigan, many as limited liability companies. Nearly all incorporate, or co-brand with, the SINGH brand.

17.     During the past 40+ years, the Singh Companies have provided a large variety of real estate services and have developed and/or own over 95 properties throughout the State of Michigan and various other states including North Carolina and Virginia. Each of these properties proudly displays the "SINGH" brand on outfacing structures or entrance monuments. In the past five years alone, the Singh Companies have spent in excess of $18 million in advertising and marketing through Plaintiff's SINGH brand.

18.     Plaintiff Singh Management Co., LLC is now a major real estate developer and industry leader, with properties located in Michigan, North Carolina, Virginia, and Punjab, India. Since 1973, Singh has actively developed, built and managed premier residential apartments and townhomes; independent and assisted living senior retirement communities; single family homes and subdivisions; along with retail centers and commercial properties, including class A office buildings. The Singh Companies' portfolio consists of a high end, luxury class of diversified real estate holdings.

## The Original SINGH Mark

19.     Gurmale chose the trade name "SINGH" in 1973 and by 1976 Singh Associates had developed its first subdivision in Michigan, Turtle Creek.  The sign at the entrance of this subdivision still reads "A SINGH Development" and is located on Singh Boulevard in Novi, Michigan.  *See* Exhibit A, photo of the neighborhood sign and street sign at the entrance of the subdivision.

20.     During the first decade and growth of the Singh Companies, the SINGH logo went through various transformations.  During the mid-1980s and earlier, the SINGH branded companies used the SINGH trade name in connection with the Khanda, a Sikh symbol.  *See, e.g.*, Exhibit B, letters from 1985 and 1986 depicting the early SINGH trade name, with the Khanda in the upper-left corner.  During the late-1980s, the Khanda was eliminated.  *See, e.g.,* Exhibit C, letters from 1987 and 1988 depicting the revised SINGH trade name, without the Khanda.  Still, through the decades and the changes, the Singh Companies' use of the SINGH brand has remained constant and extensive.

21.     Since Singh Associates was formed in 1973, the Singh Companies have continuously used the SINGH trade name in interstate commerce, and have developed substantial consumer recognition, secondary meaning and goodwill in the "SINGH" trade name in connection with real estate management, real estate development, and residential and commercial building construction services.

## The Registered SINGH Mark

22.    In or about 1982, long before the Individual Defendants were employed by any of the Singh Companies, the then-existing members of the Grewal family formed Singh Management Company, Inc. ("Singh Management Inc."), a Michigan corporation, to provide real estate management services. Other SINGH branded companies under common control and ownership engaged in single and multifamily real estate development, and residential, commercial, and industrial and office building development.

23.    In or about 1989, Singh Management Inc. commissioned the development of a stylized SINGH logo (the "SINGH Mark"), depicted below, which it adopted and began to use in commerce by at least November 27, 1989 in connection with the real estate management, real estate development, and residential and commercial building construction services provided by the Singh Companies.



24.    On October 10, 1997, Singh Management Inc. filed an application with the United States Patent and Trademark Office ("USPTO"), U.S. Trademark Application Serial No. 75/371,423, seeking to register the SINGH Mark on the

Principal Register in connection with "real estate management" services in International Class 36 and "real estate development" and "residential and commercial building construction" services in International Class 37 (collectively, the "SINGH Services").

25.     On May 25, 1999, the USPTO issued U.S. Registration No. 2,247,287 for the SINGH Mark with the SINGH Services.  A true and accurate copy of the registration certificate for U.S. Registration No. 2,247,287 is attached hereto as Exhibit D.  U.S. Registration No. 2,247,287 became incontestable on July 7, 2004, and is active and subsisting as of the date of this Complaint.

26.     In the United States, a trademark registered on the Principal Register confers all of the benefits of registration provided under the Trademark Act, including: a legal presumption of the registrant's ownership of the mark and the registrant's exclusive right to use the mark nationwide on or in connection with the goods and/or services listed in the registration; providing constructive notice to the public of the registrant's claim of ownership of the mark; and the ability to bring an action concerning the mark in federal court.

27.     The SINGH Mark is registered on the Principal Register.  Further, the federally registered SINGH Mark has become incontestable based on its having been in continuous use in commerce for more than five years after being placed on the Principal Register.  An incontestable registration is not only presumed valid,

but is immune from challenge except on certain, limited grounds.

### The Plaintiff – Singh Management Co., LLC

28.    Plaintiff Singh Management Co., LLC was formed on or about March 22, 1999 so that all of the assets of Singh Management Inc. could be transferred to Plaintiff, which occurred on or about January 1, 2000.  As part of this transfer of all assets, Plaintiff came into ownership of, *inter alia*, the SINGH brand and all goodwill represented by the SINGH Mark and U.S. Registration No. 2,247,287.

29.    Plaintiff Singh Management Co., LLC's present ownership of U.S. Registration No. 2,247,287 for the SINGH Mark is recorded in the USPTO Assignments division at Reel 5496, Frame 0023.

30.    Since November 27, 1989, Plaintiff and its predecessor-in-interest, Singh Management Inc., which has since been dissolved, have owned all rights, title, and interest in and to the SINGH Mark and trade name, and have licensed such rights to the various Singh Companies for use in connection with the SINGH Services currently provided by these companies in various states including Michigan, North Carolina and Virginia.  All use of the SINGH Mark and trade name (collectively, "SINGH") by the various Singh Companies has inured, and continues to inure, to the benefit of Plaintiff Singh Management Co., LLC.

31.    At all times relevant to this Complaint, Plaintiff and its predecessor-in-interest have used SINGH, as further represented by U.S. Registration No.

2,247,287, in connection with the advertisement, promotion, offering, and sale of the SINGH Services in interstate commerce.   Plaintiff and its licensees prominently display SINGH on websites operated by Plaintiff and/or its licensee, including without limitation on http://www.singhweb.com, as well as in advertisements, marketing materials, print media, and on signs, banners, and various other promotional materials.  *See, e.g.,* Exhibit E, February 28, 1990 letter from Singh Management Inc. bearing SINGH on letterhead; Exhibit F, Summer 1999 newsletter bearing SINGH; Exhibit G, Winter 1999 newsletter bearing SINGH; Exhibit H, August 1999 mailing label bearing SINGH; Exhibit I, May 28, 2000 newspaper advertisements depicting SINGH; Exhibit J, screen shot of http://www.singhweb.com; Exhibit K, assorted brochures and advertising collateral, all bearing SINGH.

32.    Over the course of more than 40 years, Plaintiff and its predecessor-in-interest have invested a great deal of time, effort, and resources in the development of a distinctive and well-known brand, such that SINGH Services have become widely recognized as emanating from Plaintiff and as maintaining only the highest quality standards as represented by Plaintiff's tag line "A Tradition of Excellence."  See, *e.g.*, Exhibit J.

33.    SINGH, when used in connection with SINGH Services, indicates to members of the purchasing public that the services being offered originate from

and are provided by Plaintiff only, including through its authorized licensees, and by no other person or entity.

34.    Plaintiff has extensively used its SINGH brand to identify and distinguish its services from those of its competitors, such that SINGH represents and possesses significant goodwill and secondary meaning, which is of great monetary and reputational value to Plaintiff.

35.    Because of Plaintiff's and its predecessor-in-interest's significant expenditure of time, effort, and money in the advertising, marketing, and promotion of SINGH, the SINGH brand has developed and now possesses exceptionally strong secondary meaning (*i.e.*, acquired distinctiveness) to consumers of real estate management, real estate development, and/or residential and commercial building construction services, such that the consuming public identifies it as indicating services of distinctively high quality originating from Plaintiff.

### Defendants' Infringing Conduct

36.    Defendants are presently advertising, promoting, offering, and selling real estate management, real estate development, and/or residential and commercial building construction services under SINGH, including by using SINGH on their websites, in print and online advertisements, and otherwise.  True and accurate copies of Defendants' use of SINGH in connection with selling real

estate management, real estate development, and/or residential and commercial building construction services, are attached hereto as Exhibit L.

37.   Individual Defendants Darshan and Pargat are second generation members of the Grewal family.  For years, Darshan and Pargat were actively involved in the Grewal family business and the many Singh Companies until 2010 (for Darshan) and 2011 (for Pargat), when they were both relieved of their authority and respective positions within the various Singh Companies following the discovery that both had been engaging in, among other improprieties, self-dealing and embezzlement from the Singh Companies..

38.   Individual Defendants Darshan and Pargat are now using several new entities within the State of Michigan, each incorporating the SINGH trade name and/or SINGH Mark, including without limitation Defendants Singh Building, Singh DCI, Singh Group, Singh Group II, Singh Lending, Singh Mortgage, and Singh Property.   Through these Defendant companies and in an individual capacity, Defendants are providing real estate management, real estate development, and/or residential and commercial building construction services to the public, all under the SINGH Mark and trade name.

39.   Defendants are not authorized or permitted to use SINGH or any variations thereof.  Any express or implied license that Defendants believe they may have had at any prior point in time, despite the Individual Defendants having

been relieved of their positions within the SINGH Companies, has been terminated.

40.    Notwithstanding the lack of any right or license in or to the SINGH brand, Defendants continue to advertise, promote, offer, and sell real estate management, real estate development, and/or residential and commercial building construction services under SINGH to consumers in Michigan, including in this judicial district.

41.    Defendants advertise, promote, offer, and sell real estate management, real estate development, and/or residential and commercial building construction services under SINGH in the same channels of commerce and to the same classes of consumers as Plaintiff advertises, promotes, offers, and sells Plaintiff's SINGH Services under SINGH.

42.    Plaintiff has rights in its registered SINGH Mark that are superior to any rights Defendants may have in SINGH, which Defendants use in connection with identical, similar, and/or related services to those offered by Plaintiff.

43.    Defendants are not authorized or permitted to use Plaintiff's registered SINGH Mark, or SINGH trade name, or any variations thereof.

44.    On information and belief, Defendants were aware of Plaintiff's use of, and federal registration for, SINGH when Defendants commenced use of SINGH in Michigan and in this judicial district.

45.     At the time Defendants began using SINGH in Michigan and in this judicial district, Defendants had actual and constructive notice of Plaintiff's federally registered SINGH Mark under 15 U.S.C. § 1072 and had actual notice of Plaintiff's SINGH trade name prior to any involvement of Darshan or Pargat in the Singh Companies.

46.     Defendants' use of SINGH has created confusion, and continues to create a likelihood of confusion, mistake, or deception among consumers with Plaintiff's SINGH brand.

47.     Defendants knew, or should have known by the exercise of reasonable care, that their use of SINGH in connection with real estate management, real estate development, and/or residential and commercial building construction services would cause confusion, mistake, or deception among consumers with Plaintiff's SINGH brand.

48.     As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer irreparable harm in addition to damages.

## <u>COUNT I</u>
### (Federal Trademark Infringement under 15 U.S.C. § 1114)

49.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

50.     This claim arises under 15 U.S.C. § 1114 for willful and deliberate infringement of the SINGH Mark set forth in U.S. Registration No. 2,247,287.

51.    The SINGH Mark set forth in U.S. Registration No. 2,247,287 is valid, protectable, and enforceable.

52.    U.S. Registration No. 2,247,287 is incontestable under 15 U.S.C. § 1065.

53.    Plaintiff has rights in its SINGH Mark set forth in U.S. Registration No. 2,247,287 that are superior to any rights Defendants may have in the SINGH Mark, which Defendants improperly use in connection with identical, similar, and/or related services to those offered by Plaintiff.

54.    Consumers associate the SINGH Mark set forth in U.S. Registration No. 2,247,287 with Plaintiff as the single source of the goods and services provided under that mark.

55.    Defendants do not have consent, permission, or license to use the SINGH Mark, and Plaintiff further explicitly terminated any rights or license, express or implied, Defendants may have believed that they had in the SINGH Mark.

56.    Defendants' use of the SINGH Mark has created and does create a likelihood of confusion, mistake, or deception among consumers with or regarding the SINGH Mark set forth in U.S. Registration No. 2,247,287.

57.    At the time Defendants began using the SINGH Mark, Defendants had constructive notice of Plaintiff's federally registered SINGH Mark under 15

U.S.C. § 1072.

58.     Defendants knew, or should have known by the exercise of reasonable care, that their use of the SINGH Mark in connection with real estate management, real estate development, and/or residential and commercial building construction services would cause confusion, mistake, or deception among consumers with Plaintiff's SINGH Mark set forth in U.S. Registration No. 2,247,287.

59.     On information and belief, Defendants knew of Plaintiff's rights in the SINGH Mark set forth in U.S. Registration No. 2,247,287, and intended to trade off and did trade off, and intend to trade off and will trade off, the extensive goodwill built up by Plaintiff in its SINGH Mark.

60.     Defendants' wrongful acts alleged herein violated Plaintiff's rights under 15 U.S.C. § 1114(a), and, on information and belief, have been deliberate, willful, and in disregard of Plaintiff's rights.

61.     Defendants' wrongful acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of Plaintiff's SINGH Mark set forth in U.S. Registration No. 2,247,287.

62.     By reason of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that the services of Defendants are affiliated with, sponsored by, approved by, or originate from

Plaintiff.

63.     As a result of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable injury.  Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights.  Plaintiff is entitled to preliminary and permanent injunctive relief, Defendants' profits trebled, as well as Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## COUNT II
### (Trademark Infringement, Unfair Competition, and False Designation of Origin under 15 U.S.C. § 1125(a))

64.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

65.     This claim arises under 15 U.S.C. § 1125(a) for willful and deliberate infringement, unfair competition, and false designation of origin, all with regard to Defendants' unauthorized use of Plaintiff's SINGH brand.

66.     The SINGH brand is valid, protectable, and enforceable.

67.     Plaintiff has continuously and exclusively used SINGH since 1973 in connection with the advertisement, promotion, offer, and sale of real estate management, real estate development, and residential and commercial building construction services, and related services, prior to Defendants' use of SINGH in connection with similar, related, and/or identical services.

68.    By reason of Plaintiff's continuous and exclusive use and promotion of SINGH, as well as the distinctiveness of SINGH, consumers associate SINGH with a single source of services provided under SINGH by Plaintiff.

69.    Defendants use SINGH to promote the sale of, and in fact sell, services that are identical to those offered by Plaintiff in connection with SINGH.

70.    On information and belief, Defendants have used SINGH in connection with the advertisement, promotion, offer, and sale of real estate management, real estate development, and/or residential and commercial building construction services within the State of Michigan, and to citizens of the State of Michigan.

71.    Defendants' use of SINGH creates a likelihood of confusion, mistake, or deception among consumers between Defendants' services and the services offered by Plaintiff in connection with SINGH.

72.    At the time Defendants began using SINGH, Defendants had actual and constructive notice of Plaintiff's federally registered SINGH Mark under 15 U.S.C. § 1072, and had actual notice of Plaintiff's SINGH trade name.

73.    Defendants knew, or should have known, that their use of SINGH in connection with real estate management, real estate development, and/or residential and commercial building construction services, in addition to related services, would cause confusion, mistake, or deception among consumers of those

services.

74.     On information and belief, Defendants knew of Plaintiff's prior use of SINGH, and intended to induce and did induce, and intends to induce and will induce, consumers to purchase Defendants' services by trading off the goodwill built up by Plaintiff in SINGH.

75.     Defendants' use of SINGH is likely to cause consumers and other members of the public to believe in error that Defendants' services have been authorized, sponsored, approved, or endorsed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff.

76.     Defendants' wrongful acts alleged herein constitute trademark infringement, unfair competition, and false designation of origin in violation of Plaintiff's rights under 15 U.S.C. § 1125(a) and, on information and belief, have been deliberate, willful, and in disregard of Plaintiff's rights.

77.     Defendants' wrongful acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of Plaintiff's extensive advertising, consumer recognition, and goodwill associated with SINGH.

78.     By reason of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that the goods and

services of Defendants are affiliated with, sponsored by, approved by, or originate from Plaintiff.

79.     As a result of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable injury.  Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights.  Plaintiff is entitled to preliminary and permanent injunctive relief, Defendants' profits trebled, as well as its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## COUNT III
**(Trademark Infringement and Unfair Competition under Michigan Common Law and M.C.L. § 445.42)**

80.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

81.     Plaintiff owns all rights, title, and interest in and to SINGH, including all common law rights therein.

82.     Defendants, without Plaintiff's authorization, have used and are continuing to use SINGH in connection with real estate management, real estate development, and/or residential and commercial building construction services, in addition to related services.

83.     Defendants' use of SINGH is intended to cause, has caused, and is likely to continue to cause confusion, mistake, or deception among consumers

between Defendants' services and the services offered by Plaintiff in connection with SINGH.

84.     Defendants knew, or should have known, that their use of SINGH in connection with real estate management, real estate development, and/or residential and commercial building construction services, in addition to related services, would cause confusion, mistake, or deception among consumers of those services.

85.     Defendants' wrongful acts alleged herein constitute trademark infringement and unfair competition in violation of Plaintiff's rights under Michigan common law and M.C.L. § 445.42, where on information and belief, Defendants' wrongful acts have been deliberate, willful, and in disregard of Plaintiff's rights.

86.     Defendants' wrongful acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of Plaintiff's extensive advertising, consumer recognition, and goodwill associated with SINGH.

87.     By reason of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that the services of Defendants are affiliated with, sponsored by, approved by, or originate from Plaintiff.

88.     As a result of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable injury.   Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights.

## COUNT IV
### (Violation of Michigan Consumer Protection Act, M.C.L. § 445.903)

89.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

90.     Defendants, without Plaintiff's authorization, have used and are continuing to use SINGH in connection with real estate management, real estate development, and/or residential and commercial building construction services, in addition to related services.

91.     Defendants' use of SINGH is intended to cause, has caused, and is likely to continue to cause confusion, mistake, or deception among consumers between Defendants' services and the services offered by Plaintiff in connection with SINGH.

92.     Defendants knew, or should have known, that their use of SINGH in connection with real estate management, real estate development, and/or residential and commercial building construction services, in addition to related services, would cause confusion, mistake, or deception among consumers of those services.

93. Defendants' actions described above constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, in violation of Michigan's Consumer Protection Act, M.C.L. § 445.903(1)(a), (b), and (c).

94. Defendants' wrongful acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of Plaintiff's extensive advertising, consumer recognition, and goodwill associated with SINGH.

95. By reason of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that the services of Defendants are affiliated with, sponsored by, approved by, or originate from Plaintiff.

96. As a result of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable injury. Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment for Plaintiff on its causes of action against Defendants for trademark infringement, unfair competition, and false designation of origin under

15 USC §§ 1114, and 1125(a); trademark infringement and unfair competition under the common law of Michigan and M.C.L. § 445.42; and unfair, unconscionable, or deceptive trade practices in violation of Michigan's Consumer Protection Act, M.C.L. § 445.903;

b.      Preliminary and permanent injunctive relief against Defendants, their officers, directors, agents, and employees and all those in active concert or participation with Defendants, including their business partners who receive actual notice of the judgment by personal service or otherwise (including under 15 USC § 1116, Michigan's Consumer Protection Act, M.C.L. § 445.911(1)(b) and Michigan's Trademark Act, M.C.L § 429.43), as follows:

i.   from further commercial use of SINGH, including any similar variation thereof, either alone or in combination with other words, names, or symbols, on or in connection with the advertisement, marketing, offering for sale, or sale of real estate management, real estate development, and residential and commercial building construction services;

ii.  from performing or committing any other acts falsely representing Defendants' services, or which are likely to cause confusion or mistake in the mind of the purchasing public, or to lead purchasers or the trade to believe that Defendants' services

come from or are the services of Plaintiff, or are somehow sponsored by, associated with, affiliated with, or connected with Plaintiff, or that there is some relation, association, affiliation, or connection between Plaintiff and Defendants;

iii.  from passing off, or inducing or enabling others to sell or pass off, Defendants' products or services as those of Plaintiff; and

iv.  from otherwise unfairly competing with Plaintiff, and from any other acts which discourage, dilute, or destroy the public's recognition of SINGH.

c.     That upon final judgment, if in favor of Plaintiff, this Court issue a Writ to the United States Marshall that directs the Marshall to seize and impound all of Defendants' advertising materials used to infringe SINGH, and that all of these items be destroyed;

d.     An award of actual, statutory, multiple, treble, exemplary, enhanced, and/or punitive damages, plus interest, and an accounting of and disgorgement of Defendants' profits, for Defendants' violations of 15 U.S.C. §§ 1114 and 1125(a), pursuant to 15 U.S.C. § 1117, and M.C.L. § 429.42;

e.     A determination that this case is exceptional, entitling Plaintiff to, *inter alia*, reasonable attorneys' fees under 15 U.S.C. § 1117;

f.     An award of interest, including pre- and post-judgment interest, and

costs of this action, together with Plaintiff's attorney's fees, including under Michigan's Consumer Protection Act, M.C.L. § 445.911(2) and Michigan's Trademark Act, M.C.L. § 429.42; and

g.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

SINGH MANAGEMENT CO., LLC,
by and through its attorneys:

/s/ Matthew P. Allen
Matthew P. Allen
Michigan State Bar No. 57914
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
840 W. Long Lake Road, Suite 150
Troy, Michigan 48098
Phone: (248) 879-2000
Fax: (248) 879-2001
allen@millercanfield.com

OF COUNSEL:

Richard T. Matthews
North Carolina State Bar No. 32817
(admission pending)
Neil C. Magnuson
North Carolina State Bar No. 40272
(admission pending)
WILLIAMS MULLEN
301 Fayetteville St., Suite 1700
Raleigh, North Carolina 27601

Telephone:  919.981.4000
Facsimile:  919.981.4300
Email:  rmatthews@williamsmullen.com
Email:  nmagnuson@williamsmullen.com

## VERIFICATION

I, Lawrence A. Kilgore, declare as follows:

I am General Counsel for Singh Management Co., LLC ("Singh Management LLC"), the Plaintiff herein. I have read Singh Management LLC's Verified Complaint against Defendants Singh Building Company, Inc., Singh Development Company, Inc., Singh Group LLC, Singh Group II LLC, Singh Lending Group, LLC d/b/a Team Singh, Singh Mortgage Group, LLC, Singh Property Management, LLC, Darshan Grewal, and Pargat Grewal, filed concurrently with this Verification, and know the contents thereof to be true based on my own personal knowledge, except as to such matters therein based on my information and belief, and as to these matters, I believe them to be true.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of April, 2015.

By: _____
LAWRENCE A. KILGORE