UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SINGH MANAGEMENT CO., LLC,

    Plaintiff,                                                   Civil Action No. 15-CV-11478

vs.                                                          HON. BERNARD A. FRIEDMAN

SINGH BUILDING COMPANY, INC., et al.,

    Defendants.
_____/

## OPINION AND ORDER CONFIRMING ARBITRATOR'S RULINGS ON PLAINTIFF'S TRADEMARK CLAIMS

This matter is presently before the Court on (1) defendants' motion for confirmation of the arbitrator's trademark rulings [docket entry 70]; (2) plaintiff's motion for confirmation of the arbitrator's trademark rulings [docket entry 71]; and (3) plaintiff's motion for permanent injunctive relief [docket entry 72]. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide these motions without a hearing.

In its September 11, 2015, opinion and order compelling arbitration in this matter, the Court stated:

> Plaintiff Singh Management Co., LLC, which is controlled by certain members of the Grewal family, alleges that defendants (certain other members of the Grewal family and entities they control and individuals they employ) are infringing its "Singh" trademark by using the mark in their company names, in their websites, and in connection with advertising, promoting, offering and selling various real estate services. Plaintiff asserts claims for trademark infringement, unfair competition, and false designation of origin under federal and state law and under the Michigan Consumer Protection Act. Plaintiff also alleges that defendants have violated its copyright in a certain photograph. For relief plaintiff seeks an injunction, damages, costs, interest, and attorney fees.

*   *   *

> The parties agreed, and Judge Alexander ordered, that *all* disputes between the parties (both "prior and subsequent" to the date of the order) would be arbitrated – not only those "relating in any way to the operation of Singh Companies," but also "all other claims or defenses raised by any of the parties." This definition of the disputes to be arbitrated is all-encompassing and most certainly does include the new claims raised in the instant lawsuit over ownership of the Singh trademark as well as the alleged misuse of the copyrighted photograph. The use/misuse of the mark and photograph clearly relates to "the operation of Singh Companies," and the use/misuse thereof obviously is the subject of a claim by a party. These claims, along with those raised in *Grewal*, must be arbitrated before Barry Howard because this is what the parties agreed to do and it is what the state court ordered.

*Singh Mgmt. Co., LLC v. Singh Bldg. Co., Inc.*, No. 15-CV-11478, 2015 WL 13039634, at *1, *3 (E.D. Mich. Sept. 11, 2015). The Court ordered that "[a]ll claims raised in this case must be arbitrated before Barry Howard along with all claims raised in the [Oakland County] *Grewal* matter. The Court retains jurisdiction to entertain post-arbitration motions to enter judgment on the arbitration award and for injunctive relief." *Id.* at *4.

The "more than 195 Parties . . . in the United States and India," Arbitration and Award p. 1 n.1, proceeded to arbitrate their long list of claims and counterclaims before retired Judge Howard. In an exceptionally thoughtful, painstakingly detailed, 103-page opinion, Judge Howard noted:

> After the Arbitrator was appointed by consent of the Parties, the Parties engaged in significant discovery over an extended period of time. A multitude of discovery disputes arose and the Arbitrator issued 24 Orders addressing discovery and the Arbitration process over a period of a year. The Parties exchanged hundreds of thousands of pages of discovery and conducted a number of depositions, including taking depositions in India. The Arbitration Hearing dates were adjourned on at least two occasions to permit additional discovery and to address concerns raised by the Parties regarding completion of expert opinions and expert discovery.

> After the submission of Summary Disposition motions by the Defendants, which were denied with the limited exception of the motion raised by Defendant Attorney Clarkson, the Arbitration Hearing commenced on Monday, August 15, 2016. The hearing took place over a period of twelve days. The hearing was bifurcated with the first ten (10) days of the hearing (from August 15, 2016 through August 29, 2016) being spent presenting evidence and testimony concerning the Parties' state law claims set forth in Plaintiffs' Complaint and Defendants' Counterclaim. The remaining two (2) days of the hearing (which proceeded on September 19th and 20th) addressed the Defendants' Federal Court Trademark claims.

*Id.* at 4-5.

After the parties submitted post-arbitration briefs and answered Judge Howard's requests for clarification of certain issues, Judge Howard issued his lengthy opinion and award. For reasons explained in detail at pages 93-101, Judge Howard found in plaintiff's favor on its trademark claims. Specifically, he found that plaintiff owns the "registered stylized Singh Mark," that defendants are prohibited from using this mark, that defendants' use of the Signh name by itself creates confusion in the marketplace, that defendants' use of the Signh name "in the name of a business entity provided that the name is used as the surname given to [defendants] in conjunction with their full names" would not cause confusion, and that plaintiff is not entitled to damages but that "a Permanent Inunction preventing [defendants'] use of the stylized Singh mark [should] be entered by the Federal Court in the Trademark Action." *Id.* at 97-101. Judge Howard further explained:

> The Arbitrator finds that the *Frisch* factors . . . lead[] to the conclusion that consumers would likely be confused if [defendants] continued to use the name "Singh" alone in the names of their business entities which are unrelated to those of the [plaintiff].[12/] However, the Arbitrator does find that as their given surname, the [defendants] may use the name "Singh" in the name of a business entity provided that the name is used as the surname

given to [defendants] in conjunction with their full names.

For example, the Arbitrator finds that [defendants] are precluded from operating a business under the name Singh Building Company, Inc., but finds that it would not infringe on [plaintiff's] rights if the name "Darshan Singh Grewal Building Company, Inc." was used.

---

[12/] When referencing the use of the word "Singh" alone in the business entity name, the Arbitrator is referring to the use of the word "Singh" as the only identifying name to describe the type of service being offered, such as those entities [defendants] created after their terminations which are Defendants in the Trademark Action, i.e. Singh Building Company, Inc., Singh Development Company, Inc.[,] Singh Group, LLC, Singh Group II, LLC, Singh Lending LLC d/b/a Team Singh, Singh Mortgage Group, LLC[,] Singh Property Management, LLC and Singh Real Estate, LLC. It is the use of the name "Singh" alone (without more to distinguish the business from [plaintiff's] operations) that the Arbitrator finds is likely to cause confusion.

*Id.* at 100 & n.12. In a subsequent order, Judge Howard clarified that defendants should be enjoined "from using the name 'Singh' alone as the only identifying proper noun used to describe their business."

In the motions now before the Court, defendants seek an order confirming the arbitrator's award and enjoining them from using the stylized Singh mark and "from using the name 'Signh' alone as the only identifying proper noun used to describe their business." *See* proposed order attached as Ex. 23 to defendants' motion for confirmation [docket entry 70]. Plaintiff also seeks confirmation of the arbitrator's award, but argues that the Court should prohibit defendants not only from using the stylized Singh mark but also from "us[ing] the term 'Singh' in a manner likely, if not certain, to cause confusion with Singh – i.e. by naming companies 'Singh Homes Copperwood, LLC' 'Brandywine Singh, LLC,' or 'Singh of North Oaks, LLC.'" Pl.'s Br. In Support of Its Motion to Confirm the Arbitration Award at 6.

Plaintiff requests the entry of an injunction enjoining defendants "from using the SINGH Mark or any reproduction or confusingly similar variations thereof" and "from using the Singh name in any manner likely to cause confusion with Plaintiff Singh and the SINGH Mark, including by using the name Singh alone or apart from Defendants' whole name." Pl.'s Mot. for Permanent Injunctive Relief, Ex. A.

As the Court noted in its earlier order, both federal and state public policy favors arbitration "as a speedy, fair, and efficient alternative to litigation. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (noting the "liberal federal policy favoring arbitration agreements"); *Rooyakker & Sitz, P.L.L.C. v. Plante & Moran*, P.L.L.C., 276 Mich. App. 146, 155 (2007)." *Singh Mgmt. Co.*, 2015 WL 13039634, at *2. In the present case, plaintiff and defendants both seek confirmation of the arbitrator's award, not that the award be vacated or modified. In accordance with this well recognized public policy, and in accordance with all parties' request for confirmation, the Court shall and hereby does confirm the arbitrator's opinion and award precisely as written, including as clarified by the arbitrator's July 13, 2017, Order Regarding Trademark Rulings, as reflected in the judgment entered simultaneously with this order. Accordingly,

IT IS ORDERED that defendants' motion for confirmation of the arbitrator's trademark rulings [docket entry 70] is granted to the extent indicated in the judgment.

IT IS FURTHER ORDERED that plaintiff's motion for confirmation of the arbitrator's trademark rulings [docket entry 71] is granted to the extent indicated in the judgment.

5

IT IS FURTHER ORDERED that plaintiff's motion for permanent injunctive relief [docket entry 72] is granted to the extent indicated in the judgment.

Dated: April 3, 2018         s/Bernard A. Friedman
Detroit, Michigan         BERNARD A. FRIEDMAN
       SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 3, 2018.

       s/Johnetta M. Curry-Williams
       Case Manager