UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SINGH MANAGEMENT CO., LLC,

    Plaintiff,                                                     Civil Action No. 15-CV-11478

vs.                                                           HON. BERNARD A. FRIEDMAN

SINGH BUILDING CO., INC., et al.,

    Defendants.

_____/

**OPINION AND ORDER ON REMAND**

This matter is presently before the Court on remand from the court of appeals, which vacated this Court's order denying defendants' motion to clarify and amend the judgment (*see* docket entries 86 and 90) and instructed this Court to further explain the basis for its judgment. *See Singh Mgmt. Co., LLC v. Singh Dev. Co., Inc.*, 774 F. App'x 921 (6th Cir. 2019).

This case is not as complicated as the parties have portrayed it. The case has been arbitrated, and the Court's only remaining function is to give effect to the arbitrator's decision. That decision, which found that plaintiff owns the "Singh" trademark and that defendants have infringed it, includes the scope of the injunctive relief this Court should issue because the parties submitted this issue to the arbitrator for decision and voluntarily participated in the proceedings – after the arbitrator issued his lengthy written decision in January 2017 – to clarify and refine that aspect of his ruling. While the parties' arbitration agreement left it to the Court to grant any injunctive relief, they allowed the arbitrator to determine the parameters of such relief by submitting the issue to him without objection. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846 (6th Cir. 2003) (noting that "[a] party may waive its objection to the jurisdiction of the arbitrators by acquiescing in the arbitration with knowledge of the possible

defect"); *Kamakazi Music Corp. v. Robbins Music Corp.*, 684 F.2d 228, 231 (2d Cir.1982) ("[i]t is hornbook law that parties by their conduct may agree to send issues outside an arbitration clause to arbitration."). As both parties voluntarily submitted the issue of remedy to the arbitrator, the Court shall do nothing more than give effect to his decision.

In his January 2017 decision, the arbitrator stated:

> After their terminations, the Plaintiffs [defendants in the instant action][1] cr[e]ated various entities with the State of Michigan . . . that begin with "Singh" as the first word within the entities name. The Plaintiffs['] use of the name "Singh" within these various entities creates confusion in the marketplace because the type of services being offered by Pargat and Darshan through these entities is similar or the same as those being offered by Defendants, the owner of the Singh mark.
>
> \* \* \*
>
> [S]ufficient evidence was presented that the name "Singh" in relationship to residential construction, senior housing communities and apartment communities and other business services offered by Defendants is well known in this geographical area and that there exists strong consumer recognition of the Singh brand.
> There was also sufficient evidence presented that the services that Pargat and Darshan intend to offer through their newly created Singh entities is similar or the same to those offered by Defendants through the established Singh Organization.
>
> \* \* \*
>
> The Arbitrator finds that the *Frisch* factors above, when applied to the evidence presented by the Parties on these issues leads to the conclusion that consumers would likely be confused if Plaintiffs continued to use the name "Singh" alone in the names of their business entities which are unrelated to those of the Defendants.[12] However, the Arbitrator does find that as their given

---

[1] In the arbitration and this case, the parties' roles are reversed. Plaintiffs in this case were the defendants in the arbitration, and vice-versa.

2

surname, the Plaintiffs may use the name "Singh" in the name of a business entity provided that the name is used as the surname given to Plaintiffs in conjunction with their full names.

For example, the Arbitrator finds that Plaintiffs are precluded from operating a business under the name Singh Building Company, Inc., but finds that it would not infringe on Defendants' rights if the name "Darshal Singh Grewel Building Company, Inc." was used. Accordingly, the Arbitrator finds that equity supports the injunctive relief requested by the Defendants and finds that the issuance of a Permanent Injunction is warranted to prevent the Plaintiffs from using the Singh mark and Singh name as described herein.

\* \* \*

[P]laintiffs are not precluded or prevented from using the "Singh" surname in the title of their businesses, provided the surname is used in conjunction with the Plaintiffs' full name as discussed herein and not in the form as the stylized Singh mark registered with the USPTO. Accordingly, the Arbitrator finds that the injunctive relief to be granted by the Federal Court should be narrowly tailored to permit the Plaintiffs' use of their surname "Singh" (provided it is used in conjunction with their full name, i.e. Darshan Singh Grewel or Pargat Singh Grewel) in the manner ruled by the Arbitrator herein.

\* \* \*

[T]he Arbitrator finds that the stylized Singh mark registered with the USPTO was always intended to be and is in fact the property of the Defendants and the Singh organization. The use of the Singh stylized mark or the Singh name in the manner in which the Plaintiffs have attempted to utilize same is therefore found to be in violation of the rights of the Defendants in the Singh mark. However, while the Plaintiffs are found to have violated the Defendants['] rights in their use of the Singh mark, there was insufficient evidence that any damages have been suffered by the Defendants resulting therefrom. Accordingly, the Arbitrator awards no damages to the Defendants, but does find that a permanent injunction would be appropriate. However, the injunctive relief to be granted (appropriately by the Federal Court in enforcement of this award), should be narrowly tailored to effect the intent of the Arbitrator's ruling.

The Arbitrator finds that the Plaintiffs are prohibited from

> using the Singh mark or the Singh name alone in the same manner as the Defendants' use of the Singh name. However, as their surname, if used in conjunction with their first and last names, i.e., Darshal Singh Grewel or Pargat Singh Grewel, there is no likelihood of confusion and the Plaintiffs are entitled to use their name Singh in the manner described in this Opinion.
>
> _____
> [12] When referencing the use of the word "Singh" alone in the business entity name, the Arbitrator is referring to the use of the word "Singh" as the only identifying name to describe the type of service being offered, such as those entities Plaintiffs created after their terminations which are Defendants in the Trademark Action, i.e. Singh Building Company, Inc., Singh Development Company, Inc., Singh Group, LLC, Singh Group II, LLC, Singh Lending LLC d/b/a Team Singh, Singh Mortgage Group, LLC[,] Singh Property Management, LLC and Singh Real Estate, LLC. It is the use of the name "Singh" alone (without more to distinguish the business from Defendants' operations) that the Arbitrator finds is likely to cause confusion.

Arbitration Op. & Award, at 97, 99-101, 103 (PageID.3521, 3523-25, 3527) (citations omitted).

In February 2017, both sides asked the arbitrator to clarify various aspects of his decision. Plaintiff sought no clarification as to the injunction regarding the mark, but did seek a "corrective assignment" of the mark from the individual defendants to plaintiff. *See* PageID.3585. Defendants sought clarification as to the scope of the injunction: "The Award discusses certain hypothetical instances of the use of the name which may or may not be permitted. We seek to confirm our understanding of your ruling." PageID.3588.

On February 21, 2017, the arbitrator held a status conference with counsel to address their requests for clarification. On February 28, the arbitrator issued a post-arbitration order stating, in relevant part:

> 4. Plaintiffs and Defendants shall each prepare a proposed order, for review by the Arbitrator, consistent with the Arbitrator's rulings on the trademark issue in the Award. . . . The Arbitrator will then review each order and render a decision as to which

4

Order is appropriate based on the Opinion and Award issued.

PageID.3592.

On March 29, 2017, plaintiff submitted a proposed order which, if the arbitrator approved, would be submitted to this Court for entry.[2] Plaintiff's proposed order stated in relevant part:

> 7. The Remaining Defendants . . . are hereby permanently ENJOINED from using . . . the SINGH mark . . . other than in conjunction with the full names "Darshal Singh Grewel" and "Pargat Singh Grewel" so long as such use does not draw attention to the name "Singh" apart from the remaining names; . . .

PageID.3605. The same day, defendants submitted a proposed order that stated, in relevant part:

> 1. The Trademark Defendants shall be and hereby are PERMANENTLY ENJOINED and restrained from:
>
> a. Using the Singh Mark in any commerce, advertisement or for any other reasons; and
>
> b. Using the word "Singh" alone as the only identifying name to describe its business in a manner that it likely to cause confusion with any common law rights Singh LLC has in the word Singh.

PageID.3613-14.

---

[2] This point is worth emphasizing. Under its March 29, 2017, cover letter, plaintiff submitted a proposed consent judgment and permanent injunction containing the above-quoted ¶ 7 (PageID.3602-08) *and also* a "proposed post-arbitration order no. __" stating that pursuant to the arbitrator's award "Defendants [plaintiff in the instant action] may apply to the United States District Court for the Eastern District of Michigan for an order confirming the Arbitrator's rulings on the trademark issues in the Award in the form of [the proposed consent judgment and permanent injunction]." PageID.3597. This language and course of conduct plainly evince plaintiff's acquiescence in the arbitrator not only deciding the merits of its trademark claims but also the scope of the injunction this Court should enter. The Court therefore "find[s] that Singh Management waived its rights under the agreement [for the Court to fashion the remedy] by acquiescing to the arbitrator's jurisdiction on this issue." *Singh Mgmt. Co., LLC*, 774 F. App'x at 928 (Nalbandian, J., concurring).

5

> On May 16, 2017, the arbitrator's assistant sent counsel the following email:
>
> Judge Howard has requested that I contact you concerning the proposed Judgment/Preliminary Injunction Orders submitted by the parties . . . . Upon his review, Judge Howard does not believe that either order is acceptable given the actual findings and rulings set forth in the Award. Accordingly, he has directed me to instruct the Defendants (Plaintiff in the Trademark action) to submit a new order to him for consideration that addresses only the rulings made in the Arbitration Award. In other words, the Order should not include any relief that was not specifically ordered in the Award. . . . Upon submission of a new order, the Plaintiffs/Trademark Defendants will be given the opportunity to provide their comments to same for Judge Howard to consider.

PageID.3622.

In response to this directive, plaintiff submitted a proposed order that stated, in relevant part:

> 4. Plaintiffs [defendants in the instant action] are prohibited from using the SINGH Mark or the Singh name alone in the same manner as the Defendants' [sic] use the Singh name. *Id.* at 103. However, as their surname, if used in conjunction with their first and last names, i.e. Darshan Singh Grewel or Pargat Singh Grewel, there is no likelihood of confusion and the Plaintiffs are entitled to such use of their Singh. *Id.*

PageID.3625.

In an letter to the arbitrator dated June 6, 2017, Defendants objected to plaintiffs' proposal for the following reasons:

> The Award found that the use of the name "Singh" alone by the Trademark Defendants without more to distinguish their business from that of the Trademark Plaintiffs is likely to cause confusion. (See Award, p. 100, fn 12.) By way of example, however, the Award indicated that the use by Pargat and Darshan of their full names (Darshan Singh Grewel Building Company, Inc.) in connection with any future business was sufficiently distinguishable to prevent confusion with Singh LLC's rights in the word Singh.

> The language "without more to distinguish" in your Opinion must be included in the Proposed Injunction Order because it captures the fact that if the term Singh were used in connection with unrelated services or in a different jurisdiction, there would be no likelihood of confusion with Singh LLC's rights in the word "Singh" alone. Similarly, the Award cannot mean – as proposed by Singh, LLC – that the only use by the Trademark Defendants of the word Singh that is sufficiently distinguishable to prevent confusion is as part of their full name. (Award, p. 101.)
>
> Under the multi-factor *Frisch* analysis followed in your Opinion, an injunction that limits the Trademark Defendants to operating businesses only under their full name is too broad and not intended under the Award. The result of this would be that the Arbitrator is affirmatively selecting the only future business name under which Pargat and Darshan will operate going forward to the exclusion of an unlimited number of other names that would be sufficiently distinct from any rights of Singh LLC in the Singh name.

PageID.3629-30 (emphasis in original). Defendants proposed the following alternative wording to paragraph 4 of the order plaintiffs had drafted:

> 4. Plaintiffs [defendants in the instant action] are prohibited from using the SINGH Mark or the Singh name alone without more to distinguish its business(es) from Defendant's business(es) which use(s) the Singh name. *Id.* at 100 at fn. 12; 103. For example, as their surname, if used in conjunction with their first and last names, i.e. Darshal Singh Grewel or Pargat Singh Grewel, there is no likelihood of confusion and the Plaintiffs are entitled to such use of their surname Singh. *Id.*

PageID.3632-33.

On July 13, 2017, the arbitrator issued an Order Regarding Trademark Rulings in which he stated, in relevant part:

> Having reviewed and considered the proposed orders, the Arbitrator's Opinion and Award[,] and the Arbitrator otherwise being fully advised in the premises:
>
> IT IS HEREBY ORDERED that for the reasons set forth in the Arbitration Award:

7

> 1. The Trademark Defendants shall be permanently enjoined and restrained from using the Singh Mark registered with the [USPTO] . . . .
>
> 2. The Trademark Defendants are permanently enjoined and restrained from using the name "Singh" alone as the only identifying proper noun used to describe their business.
>
> 3. There are no monetary damages awarded . . .
>
> 4. All claims against Jasjit "Renu" Takhar are dismissed with prejudice.

PageID.3637.

In April 2018, the Court issued an order confirming the arbitrator's rulings on the trademark claims, stating, in relevant part:

> [T]he Court shall and hereby does confirm the arbitrator's opinion and award precisely as written, including as clarified by the arbitrator's July 13, 2017, Order Regarding Trademark Rulings, as reflected in the judgment entered simultaneously with this order. Accordingly,
>
> IT IS ORDERED that defendants' motion for confirmation of the arbitrator's trademark rulings [docket entry 70] is granted to the extent indicated in the judgment.
>
> IT IS FURTHER ORDERED that plaintiff's motion for confirmation of the arbitrator's trademark rulings [docket entry 71] is granted to the extent indicated in the judgment.
>
> IT IS FURTHER ORDERED that plaintiff's motion for permanent injunctive relief [docket entry 72] is granted to the extent indicated in the judgment.

The accompanying judgment stated in relevant part:

> IT IS ORDERED AND ADJUDGED that judgment be and is hereby granted for plaintiff and against defendants.
>
> IT IS FURTHER ORDERED AND ADJUDGED that plaintiff is the owner of the Singh stylized mark (#2,247,287).

>IT IS FURTHER ORDERED AND ADJUDGED that defendants are enjoined from using the Singh stylized mark.
>
>IT IS FURTHER ORDERED AND ADJUDGED that defendants are enjoined from using the word "Singh" in any of their business names as the only identifying name to describe the type of service being offered; defendants may use the word "Singh" in the name of a business entity provided that the name is used as the surname given to defendants in conjunction with their full names.

Defendants then filed a motion to clarify and amend the final paragraph of the judgment. Defendants argued that the Court's stated intention to "confirm the arbitrator's opinion and award precisely as written, including as clarified by the arbitrator's July 13, 2017, Order " was not correctly reflected in the final paragraph of the judgment because the judgment prohibited defendants from "using the word 'Singh' in any of their business names as the only identifying name to describe the type of service being offered," whereas defendants believed the judgment should have prohibited them from "using the name 'Singh' alone as the only identifying proper noun used to describe their business."[3] Finding this argument frivolous, the Court denied the motion to clarify and amend the judgment.

The court of appeals has vacated this Court's order denying defendants' motion with instructions to "clarify its ruling," *Singh Mgmt. Co., LLC* , 774 F. App'x at 927, because it is unclear whether the Court adopted the arbitrator's January 2017 ruling or his less restrictive July 2017 ruling. The court of appeals noted:

>The January Award stated that "consumers would likely be confused if [Darshan and Pargat] continued to use the name

---

[3] Defendants also argued that "[t]he Judgment should further provide for the dismissal of Trademark Defendant Jasjit Renu Takkar." *Id.* This argument is moot, as plaintiff later voluntarily dismissed the complaint as to this defendant. *See* docket entries 99, 100, and 104.

> 'Singh' alone in the names of their business entities which are unrelated to those of [Singh Management]." But the arbitrator also found that because Singh was Darshan and Pargat's last name, they "may use the name 'Singh' in the name of a business entity provided that the name is used as the surname given to Plaintiffs in conjunction with their full names."
>
> \* \* \*
>
> The arbitrator issued an Order Regarding Trademark Rulings in July 2017 (July Order), "to permit the Parties to present the rulings of the Arbitrator on the Trademark Issues for use by the Federal Court in entry of a judgment in the trademark proceeding." The July Order appeared to adopt Darshan and Pargat's less-restrictive formulation, directing that Darshan and Pargat be "permanently enjoined and restrained from using the name 'Singh' alone as the only identifying proper noun used to describe their business."

*Singh Mgmt. Co., LLC*, 774 F. App'x at 922-23.

The arbitrator's January 2017 Award and his July 2017 Order must be read in conjunction, and it was and remains the Court's intention to give effect to both. In the January 2017 Award, the arbitrator clearly indicated that confusion arises when defendants "use the name 'Singh' alone in the names of their business entities." PageID.3524. In footnote 12 of his Award, the arbitrator listed several examples of companies defendants have created with names that must be disallowed because they are likely to cause confusion with plaintiff's Singh mark:

> When referencing the use of the word "Singh" alone in the business entity name, the Arbitrator is referring to the use of the word "Singh" as the only identifying name to describe the type of service being offered, such as those entities Plaintiffs created after their terminations which are Defendants in the Trademark Action, i.e. Singh Building Company, Inc., Singh Development Company, Inc., Singh Group, LLC, Singh Group II, LLC, Singh Lending LLC d/b/a Team Singh, Singh Mortgage Group, LLC[,] Singh Property Management, LLC and Singh Real Estate, LLC. It is the use of the name "Singh" alone (without more to distinguish the business from Defendants' operations) that the Arbitrator finds is likely to cause confusion.

10

Award at 100 n.12 (PageID.3524).  At the same time, the arbitrator indicated that it would not be confusing if defendants used their full names in naming their business(es).  As an example, the arbitrator found that Darshan Singh Grewel Building Company, Inc., would not infringe (while finding that Singh Building Company, Inc., did infringe).  *Id.* at 100 (PageID.3524).  The arbitrator concluded that the injunction "should be narrowly tailored to permit the Plaintiffs' use of their surname 'Singh' (provided it is used in conjunction with their full name, i.e. Darshan Singh Grewel or Pargat Singh Grewel) in the manner ruled by the Arbitrator herein."  *Id.* at PageID.3525.

In his July 2017 Order Regarding Trademark Rulings, the arbitrator stated that defendants should be enjoined "from using the name 'Singh' alone as the only identifying proper noun used to describe their business."  PageID.3637.  This reaffirmed the arbitrator's intention to prohibit defendants from using the name "Singh" alone in naming any of their businesses, several examples of which were listed in footnote 12.  The difference between the January 2017 Award and the July 2017 Order is that the former appeared to allow defendants to use the word Singh in only one way, namely, by including defendants' full names (Pargat Singh Greweal or Darshan Singh Grewel) in naming their businesses, while the subsequent order did not suggest any particular non-infringing uses of the word Singh.  In loosening his initial ruling, the arbitrator presumably found force in defendants' argument, raised in their June 6, 2017, letter, that his January 2017 award should not be understood as having ruled "that the only use by the Trademark Defendants of the word Singh that is sufficiently distinguishable to prevent confusion is as part of their full name."  PageID.3629 (emphasis in original).

The Court understands the arbitrator's July 2017 order to be a modification of his January 2017 award.  Michigan's Uniform Arbitration Act, Mich. Comp. Laws § 691.1700, states:

11

"(1) On motion to an arbitrator by a party to an arbitration proceeding, the arbitrator may modify or correct an award on any of the following grounds: . . . (c) To clarify the award." In this case, both sides asked the arbitrator to clarify his award, and he did so in July 2017 by ruling that defendants may not use the stylized Singh mark at all and that they may not use "the name 'Singh' alone as the only identifying proper noun used to describe their business." This was a clarification/modification of the ruling made in his January 2017 award, which appeared to indicate that defendants could use "Singh" in naming a business only if they used their full names in the business name; the July 2017 order eliminated this ruling on permitted uses of the name Singh. It is this later modification of the earlier ruling that the Court must incorporate in its judgment. Accordingly,

IT IS ORDERED that defendants' motion to clarify and amend injunctive relief [docket entry 86] is granted as follows: the judgment in this matter will be amended to indicate that defendants are enjoined from using the name "Singh" alone as the only identifying proper noun used to describe their business. Examples of disallowed uses are provided in footnote 12 of the arbitrator's January 2017 award.

Dated: November 20, 2020  
      Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE